UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA.

BRIAN EVANS,

        Plaintiff,

vs.

DETECTIVE L. CHRISTINE SCOTT, individually, and SHERIFF RICHARD ROTH, in his official capacity as Sheriff of Monroe County

        Defendants.
_____/

CASE NO. 02-10061-CIV-KING

## AMENDED COMPLAINT

COMES NOW the Plaintiff, BRIAN EVANS, by and through undersigned counsel, and sues the Defendants, DETECTIVE L. CHRISTINE SCOTT, individually, and SHERIFF RICHARD ROTH, in his official capacity as Sheriff of Monroe County, under 42 U.S.C. §1983 for violating Plaintiff's Fourth and Fourteenth Amendment constitutional rights and in support thereof alleges:

1. This Court has jurisdiction over the Plaintiff's claims of violation of constitutional rights under 28 U.S.C. § § 1331.

## PARTIES

2. At all times material hereto, the Plaintiff, BRIAN EVANS, ("MR. EVANS") was sui juris and a citizen of Monroe County, Florida.

3. At all times material hereto, the Defendant, DETECTIVE L. CHRISTINE SCOTT, ("DET. SCOTT"), worked as a detective at the Monroe County Sheriff's Department in Monroe County, Florida.

4. At all times material hereto, the Defendant SHERIFF RICHARD ROTH, in his official capacity as Sheriff of Monroe County, ("SHERIFF"), is an entity duly authorized by Monroe

County to conduct business and maintain offices in Monroe County, Florida.

## VENUE

6. Venue is proper in the Southern District of Florida as the alleged events herein took place in the Southern District of Florida and specifically Monroe County, Florida.

## FACTS COMMON TO ALL COUNTS

7. Upon information and belief, at or about the end of the year 2001 and the beginning of the year 2002 the Plaintiff, EVANS, who was a singer and performer in Monroe County, Florida engaged in significant efforts to organize a "celebrity series" for the local area. The Plaintiff was new to the area and was attempting to bring the entertainment element to the area in order to bolster not only his own career but to enrich the community culture and increase the economic marketplace of the Florida Keys.

8. Within these efforts the Plaintiff worked closely with the Monroe County Tourist Development Council and its members to obtain these goals including but not limited to seeking a significant economic contribution to sustain the aforementioned "celebrity series."

9. However, as time went on certain members of the council, particularly those that were "judging" whether the Plaintiff would receive this contribution became upset with the Plaintiff. These members were upset that the Plaintiff, an outsider to the area, was attempting to bring his influence into the Florida Keys without maneuvering through the proper channels. Specifically, in the Spring of 2002 one member, Amy Culver, objected to her own personal contribution related to meals for the entertainers that the Plaintiff brought to Florida Keys. In one instance, Ms. Culver objected to a previous agreement that she had with the Plaintiff such that the entertainers would receive free meals at her business establishment in exchange for mutual promotion. Ms. Culver, was one of the "judges" that

were to set to make the determination on whether the Plaintiff would be able to follow through with his celebrity serious in the area and obtain the necessary funding from the council. Through her dispute with the Plaintiff Ms. Culver took efforts to tarnish and/or sabotage the Plaintiff attempts to sustain his entertainment development program.

10. As the Plaintiff was a public figure and was quite recognizable in the community, Ms. Culver could not simply stop the Tourist Council's funding his project due to her own personal objections. As a result, in order to sway and/or mislead the Council into voting to deny the Plaintiff this funding, Ms. Culver and potentially other individuals with influence in the community took it upon themselves to tarnish and/or destroy the personal reputation of the Plaintiff in the area which would thereby obligate the Council to deny the Plaintiff's request for such funding.

11. Upon information and belief, through the use of the Council's connections with the local sheriff's department, a co-defendant as described above, Ms. Culver and the Council attempted to damage the reputation of the Plaintiff by coming to an agreement and thereby conspiring with the Monroe County Sheriff's Department to engage in a fact finding mission to disparage the Plaintiff's name which would ultimately result in enough negative publicity to force the Council to cancel the funding of the Plaintiff's efforts to bring the "celebrity series" to the area and thereby force the Plaintiff to leave the area without economic opportunity.

12. Ultimately, through this conspiracy, the Monroe County Sheriff's office sought and obtained information about the Plaintiff which it believed could justify placing the Plaintiff into a false light. Upon receiving information that the Plaintiff engaged in an internet transaction with a trading card, which the department determined was a questionable practice, it gathered

Downs & Associates ● 255 University Drive ● Coral Gables, FL 33134 ● (305) 444-8226 ● Fax: (305) 444-6773

erroneous and/or misleading information and presented it to the court in order to obtain a search warrant of the Plaintiff's premises.

13. On or about July 22, 2002, the Defendant, DET. SCOTT, submitted an Affidavit and Application for a Search Warrant to Honorable Judge S. Vernon to do a search of the Plaintiff's home regarding his alleged fraudulent internet purchase of a $300 trading card.

14. The Affidavit and Application for a Search Warrant requested permission to search the Plaintiff's premises for the Plaintiff's computer equipment, paper bank communications, and a Tiger Woods trading card with yellow mounting tape on the sides.

15. Upon information and belief, the allegations in the Affidavit and Application for the Search Warrant set forth by the Defendant DET. SCOTT contained numerous falsities and false statements. Specifically, the Defendant knew or should have known that the entity Pay Pal was not a "victim" in a fraudulent scheme by the Plaintiff as implied by the Defendant as the Defendant had information in its possession that the transaction involving this entity was held up due to the Plaintiff's receipt of an improper card. In addition, the Defendant knew or should have known that the Plaintiff intentionally stopped payment on the check due to the fact that the card was improper and that the Plaintiff specifically sent the improper merchandise back to the alleged "victim" Michael Sanders, via certified mail. The Defendant further alleged in her application to obtain a search warrant that the Plaintiff was involved in a WIPO Arbitration concerning screen names. The Defendant knew or should have known that this matter was civil in nature and completely unrelated to the trading card at issue in this case. Yet despite this knowledge the Defendant set forth the allegation in the context of a a criminal matter in order to prejudice the court into issuing the search warrant.

Downs & Associates ● 255 University Drive ● Coral Gables, FL  33134 ● (305) 444-8226 ● Fax: (305) 444-6773

16. On or about July 22, 2002, based upon the false and/or misleading statements by the Defendant Judge Vernon granted the Search Warrant for a search and seizure of the previously listed items at MR. EVANS' property located at 17195 West Hibiscus Lane, Sugarloaf Key, County of Monroe, Florida.

17. On or about July 22, 2002, DET. SCOTT carried out the warrant on MR. EVANS' property located at 17195 West Hibiscus Lane, Sugarloaf Key, County of Monroe, Florida. DET. SCOTT and/or officers of the Sheriff's Department. executed the warrant by searching the Plaintiff, MR. EVANS' home while he was absent.

18. In the execution of the search warrant DET SCOTT and/or officers searched the Plaintiff's motor vehicle which was not listed on the aforementioned search warrant.

19. Additionally, DET. SCOTT and/or officers of the Monroe County Sheriff's Department executed the aforementioned search warrant on the Plaintiff, MR. EVANS', home by:

    a.  needlessly surrounding the Plaintiff's home with several patrol cars;

    b.  making an excessively long search of the Plaintiff's home and motor vehicle; and

    c.  by taking countless personal possessions from MR. EVANS' home, including items not listed on the search warrant, as witnessed by numerous neighbors and recounted by the local media.

20. A mandatory inventory list indicates that DET. SCOTT and/or the Sheriff Department officers took items outside the scope of the search warrant's list including but not limited to several VCR videos, a Brinks Safe model number 5059, trading cards, and a private letter. These items were completely irrelevant to what was stated on the warrant. In addition, none of these items related to the allegations made by the Defendant in her affidavit which requested the search warrant to be issued in the first place.

Downs & Associates ● 255 University Drive ● Coral Gables, FL 33134 ● (305) 444-8226 ● Fax: (305) 444-6773

21. As of August 6, 2002, the date the initial complaint was filed, the Defendants, the DET. SCOTT, the SHERIFF'S DEPT., and MONROE COUNTY failed to return said items.

**COUNT I**
**DETECTIVE CHRISTINE SCOTT**
**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS REMEDIED THROUGH 42 U.S.C. § 1983**

22. Plaintiff reaffirms and realleges paragraphs one (1) through sixteen (16) as if fully set forth herein.

23. Under the Fourth Amendment of the United States Constitution, the Plaintiff possesses a right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures.

24. DET. SCOTT unlawfully, unreasonably, and abusively executed the aforementioned search warrant by virtue of the authority of the Monroe County Sheriff's department when she made sworn statements in her request to obtain a search warrant which she knew or should have known to be false and/or misleading. In addition, the Defendant and several other officers unreasonably surrounded the Plaintiff's home and then searched it for several hours in order to find items relating to an alleged fraudulent purchase of a mere trading card.

25. DET. SCOTT unlawfully and unreasonably searched and seized items from the Plaintiff's home when she went outside the scope of the aforementioned search warrant by searching through items in the Plaintiff's home not listed on the search warrant and not related to items listed on the search warrant.

26. DET. SCOTT unlawfully and unreasonably searched the Plaintiff's motor vehicle, which was not listed on the aforementioned search warrant.

27. DET. SCOTT unlawfully and unreasonably seized items from the Plaintiff, MR. EVANS'

6

home when she took things from his home that were not listed on the aforementioned search warrant.

28. As a direct and proximate result of the actions of the Defendant DET. SCOTT as described above the Plaintiff has suffered severe and significant damages to both his mental state and reputation in the community and beyond. The Plaintiff is a public figure that derives income on his reputation and ability to maintain positive public opinion. As a result of such actions this ability is hindered and the Plaintiff has been subjected to the loss of potential economic damages in addition to the emotional pain that the above actions has caused to him.

29. Due to the actions as described above the Plaintiff has been required to retain the services of the law firm of Downs and Associates, P.A. and is obligated to pay reasonable attorneys fees thereto.

**WHEREFORE**, the Plaintiff, BRIAN EVANS, demands judgment against the Defendant, DETECTIVE L. CHRISTINE SCOTT, individually, for compensatory damages together with statutory interest, pre-judgement interest, attorney's fees, costs, trial by jury for all issues so triable, and any other relief that this Court deems proper.

<u>**COUNT II**
**DETECTIVE CHRISTINE SCOTT**
**VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS REMEDIED THROUGH 42 U.S.C. § 1983**</u>

30. Plaintiff reaffirms and realleges paragraphs one (1) through sixteen (16) as if fully set forth herein.

31. Under the Fourteenth Amendment of the United States Constitution, the state may not deprive any person, namely the Plaintiff MR. EVANS, of property without due process of law.

32. DET. SCOTT deprived the Plaintiff, MR. EVANS, of his property without due process of law when she unlawfully took items from MR. EVANS' home that were not listed on the aforementioned search warrant.

33. DET. SCOTT deprived the Plaintiff, MR. EVANS, of his property without due process of law when she failed to return MR. EVANS' possessions that were taken outside of the scope of the aforementioned search warrant.

34. As a direct and proximate result of the actions of the Defendant DET. SCOTT as described above the Plaintiff has suffered severe and significant damages to both his mental state and reputation in the community and beyond. The Plaintiff is a public figure that derives income on his reputation and ability to maintain positive public opinion. As a result of such actions this ability is hindered and the Plaintiff has been subjected to the loss of potential economic damages in addition to the emotional pain that the above actions has caused to him.

35. Due to the actions as described above the Plaintiff has been required to retain the services of the law firm of Downs and Associates, P.A. and is obligated to pay reasonable attorneys fees thereto.

**WHEREFORE**, the Plaintiff, BRIAN EVANS, demands judgment against the Defendant, DETECTIVE L. CHRISTINE SCOTT, individually, for compensatory damages together with statutory interest, pre-judgement interest, attorney's fees, costs, trial by jury for all issues so triable, and any other relief that this Court deems proper.

### COUNT III
### SHERIFF RICHARD ROTH, in his official capacity as Sheriff of Monroe County
### CONSPIRACY TO VIOLATE THE PLAINTIFF'S FOURTH AMENDMENT RIGHTS REMEDIED THROUGH 42 U.S.C. § 1983

8

Downs & Associates ● 255 University Drive ● Coral Gables. FL 33134 ● (305) 444-8226 ● Fax: (305) 444-6773

36. Plaintiff reaffirms and realleges paragraphs one (1) through sixteen (16) as if fully set forth herein.

37. Under the Fourth Amendment of the United States Constitution, the Plaintiff possesses a right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures.

38. The Defendant SHERIFF, in his official capacity as Sheriff of the Monroe County Police Department, in a conspiracy with members of the Monroe County Tourist Development Council, authorized the false and/or misleading application and unreasonable execution of the search warrant as described above. In the implementation of this plan, DET. SCOTT, unlawfully, unreasonably, and abusively executed the aforementioned search warrant by virtue of the authority of the Monroe County Sheriff's department when she made sworn statements in her request to obtain a search warrant which she knew or should have known to be false and/or misleading. In addition, the Defendant and several other officers unreasonably surrounded the Plaintiff's home and then searched it for several hours in order to find items relating to an alleged fraudulent purchase of a mere trading card.

39. Through this conspiracy, DET. SCOTT unlawfully and unreasonably searched and seized items from the Plaintiff's home when she went outside the scope of the aforementioned search warrant by searching through items in the Plaintiff's home not listed on the search warrant and not related to items listed on the search warrant.

40. Through this conspiracy DET. SCOTT further unlawfully and unreasonably searched the Plaintiff's motor vehicle, which was not listed on the aforementioned search warrant.

41. Finally, DET. SCOTT unlawfully and unreasonably seized items from the Plaintiff, MR. EVANS' home when she took things from his home that were not listed on the

Downs & Associates ● 255 University Drive ● Coral Gables, FL 33134 ● (305) 444-8226 ● Fax: (305) 444-6773

aforementioned search warrant.

42. As a direct and proximate result of the actions of the Defendant DET. SCOTT as described above the Plaintiff has suffered severe and significant damages to both his mental state and reputation in the community and beyond. The Plaintiff is a public figure that derives income on his reputation and ability to maintain positive public opinion. As a result of such actions this ability is hindered and the Plaintiff has been subjected to the loss of potential economic damages in addition to the emotional pain that the above actions has caused to him.

43. Due to the actions as described above the Plaintiff has been required to retain the services of the law firm of Downs and Associates, P.A. and is obligated to pay reasonable attorneys fees thereto.

**WHEREFORE**, the Plaintiff, BRIAN EVANS, demands judgment against the Defendant, SHERIFF RICHARD ROTH, in his official capacity as Sheriff of Monroe County, for compensatory damages together with statutory interest, pre-judgement interest, attorney's fees, costs, trial by jury for all issues so triable, and any other relief that this Court deems proper.

### COUNT IV
### SHERIFF RICHARD ROTH, in his official capacity as Sheriff of Monroe County CONSPIRACY TO VIOLATE THE PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS REMEDIED THROUGH 42 U.S.C. § 1983

44. Plaintiff reaffirms and realleges paragraphs one (1) through sixteen (16) as if fully set forth herein.

45. Under the Fourteenth Amendment of the United States Constitution, the state may not deprive any person, namely the Plaintiff MR. EVANS, of property without due process of law.

46. The Defendant SHERIFF, in his official capacity as Sheriff of the Monroe County Police

Downs & Associates ● 255 University Drive ● Coral Gables, FL 33134 ● (305) 444-8226 ● Fax: (305) 444-6773

Department, in a conspiracy with members of the Monroe County Tourist Development Council, authorized the false and/or misleading application and unreasonable execution of the search warrant as described above. In the implementation of this plan, DET. SCOTT improperly abused her power when she deprived the Plaintiff, MR. EVANS, of his property without due process of law by unlawfully taking things from MR. EVANS' home that were not listed on the aforementioned search warrant.

47. Due to such conspiratorial actions by the Defendant SHERIFF as described above the Plaintiff, MR. EVANS, was deprived of his property without due process of law when DET. SCOTT failed to return MR. EVANS' possessions that were taken outside of the scope of the aforementioned search warrant.

48. As a direct and proximate result of the actions of the Defendant DET. SCOTT as described above the Plaintiff has suffered severe and significant damages to both his mental state and reputation in the community and beyond. The Plaintiff is a public figure that derives income on his reputation and ability to maintain positive public opinion. As a result of such actions this ability is hindered and the Plaintiff has been subjected to the loss of potential economic damages in addition to the emotional pain that the above actions has caused to him.

49. Due to the actions as described above the Plaintiff has been required to retain the services of the law firm of Downs and Associates, P.A. and is obligated to pay reasonable attorneys fees thereto.

**WHEREFORE**, the Plaintiff, BRIAN EVANS, demands judgment against the Defendant, SHERIFF RICHARD ROTH, in his official capacity as Sheriff of Monroe County, for compensatory damages together with statutory interest, pre-judgement interest, attorney's fees, costs, trial by jury for all issues so triable, and any other relief that this Court deems proper.

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via U.S. mail and fax on the 15th day of October, 2002, to: Purdy, Jolly & Giuffreda, P.A., Michael Stephensen, Esq.; 1322 S.E. Third Ave., Ft. Lauderdale, FL 33316.

Respectfully submitted,

Downs & Associates, P.A.
255 University Drive,
Coral Gables, FL 33134
Telephone No. (305) 444-8226
Fax No. (305) 444-6773

Jeremy D. Friedman, Esq.
FLORIDA BAR NO. 134643